# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ARTHUR LEE GRIGGS, AIS #129969,** : | |
| Plaintiff, : | |
| vs. : | **CIVIL ACTION 12-0045-CG-N** |
| **KIM THOMAS, et al.,** : | |
| Defendants. : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate who is proceeding pro se, filed an action under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After careful review, it is the undersigned's recommendation that plaintiff's action be transferred to the United States District Court for the Middle District of Alabama.

Plaintiff named several defendants who have Montgomery, Alabama addresses, namely, Commissioner Kim Thomas, Alabama Attorney General Luther Strange, and Governor Robert Bentley.  Montgomery is located in Montgomery County in the Middle District of Alabama.  The other defendant, Tony Patterson, is the warden of Holman Correctional Facility ("Holman"), where plaintiff is incarcerated, and which is located in Atmore, Alabama, in Escambia County in the Southern District of Alabama.

Plaintiff's complaint (doc. 1) contains claims arising in the Middle and Southern Districts.  Plaintiff complains that laws have been enacted that have caused overcrowded conditions at Holman (id., p.8); that the Alabama Department of Corrections ("ADOC") is

underfunded, understaffed, at overcapacity (id., p. 9), and that ADOC is aware of the overcrowded conditions, admitted that it is operating in violation of the Constitution, and has failed to take steps to correct the unlawful conditions.  (Id., p. 10).  Plaintiff also complains of specific conditions at Holman, e.g., Holman's inmate population is over "143% of [its] design capacity, which has created a very hostile living environment causing violent assaults on prisoners by other prisoners and by prison guards[.]"  (Id., p. 9).  For relief, plaintiff seeks punitive damages of $10 million, injunctive and declaratory relief, and other relief as the court deems appropriate.  (Id., p. 7).  In addition, plaintiff moves for a class action and appointment of counsel.  (Doc. 5).

>A § 1983 action may be brought in --
>
>> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>>
>> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>>
>> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).

In the present action, the events giving rise to plaintiff's action appear to have occurred in both the Middle and Southern Districts of Alabama.  However, plaintiff focuses his claims on what the defendants who are located in Montgomery have or have not done as having created the conditions at Holman and system-wide.  Thus, it appears that most of defendants are located in the Middle District where policy and laws are made.  Accordingly, it is the recommendation of

the undersigned that in the interest of justice, and for the convenience of the parties, that this action be transferred to the United States District Court for the Middle District of Alabama.  *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"); Roofing & Sheet Metal Services v. LaQuinta Motor Inns, 689 F.2d 982, 985 (11th Cir. 1982) (The transfer decision is left to "sound discretion of the district court and [is] reviewable only for an abuse of that discretion.").

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE and ORDERED** this  27th   day of August, 2012.


                                          /s/ Katherine P. Nelson
                                        **KATHERINE P. NELSON**
                                        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.  **Objection**.  Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

August 27, 2012                             /s/ Katherine P. Nelson
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).